UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 98-1446 |
| OLIVIA A. ALAW, et al., | : | **FILED** |
| Defendants. | : | OCT 2 2 2003 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

Defendants Newman and White have moved to vacate and/or to modify the Court's injunctive decree of July 17, 2002, entered pursuant to the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 ("FACE"). Defendants Newman and White argue that because of changed circumstances in their lives, philosophies, and political strategies, the Court should either vacate or modify its Order enjoining them from physically blocking or obstructing access to facilities within the boundaries of Interstate 495 where abortions are performed, and intentionally directing or aiding others to physically block access to such facilities. Defendants Newman and White have requested an evidentiary hearing to "fully educate the Court as to the substantial change in circumstances." Since the court will assume, arguendo, the accuracy of Defendants' representations, an evidentiary hearing is unnecessary.[1]

---

[1]   Defendants Newman and White indicate that they are
(continued...)

Defendants Newman and White bring their request under Fed. R. Civ. P. 60(b)(5). This Circuit requires that the party seeking modification of a pre-existing decree demonstrate a significant change in circumstances in order to justify such modification. <u>U.S. v. Western Electric Co.</u>, 45 F.3d 1198, 1202 (D.C. Cir. 1995); <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 383 (1992). For the following reasons, the Court concludes that Defendants Newman and White have failed to establish any significant change in circumstances that would warrant either setting aside or modifying the existing injunction.

1. Defendants Newman and White have previously raised on several occasions before this Court and before the Court of Appeals the arguments that there are changed circumstances meriting a change in the decree because the abortion clinic subject to this proceeding is no longer in business, and because they have not violated or threatened to violate either the existing injunction or FACE and do not intend to do so in the future. These arguments have been rejected each time they have been raised before this

---

[1](...continued)
directing their respective attention to other areas of protest. In particular, Defendant White "now concentrates for the most part on First Amendment practices in and around college campuses." Defendant Newman is focusing his energy on "stopping late term abortions through media and other advertising avenues." Defendant Newman "believes that God has shut the door to conducting civil disobedience in front of abortion clinics." Both Defendants believe that continued civil disobedience in front of abortion clinics is "less efficient and not as productive as other means of enforcing their First Amendment rights." Defs' Reply, pp. 1-2.

Court and the D.C. Circuit. Memorandum Opinion and Order of December 8, 1999 at 7; Memorandum Opinion and Order of January 20, 2000 at 38-39; U.S. v. Mahoney, 247 F.3d 279, 282 (D.C. Cir. 2001); U.S. v. Alaw, 180 F. Supp.2d 197, 199 (D.D.C. 2002), aff'd in part, rev'd in part, 327 F.3d 1217 (D.C. Cir. 2003).

2. The fact that Defendants Newman and White have at this time decided to devote their energies to stopping abortions through a means other than civil disobedience in front of abortion clinics, does not provide a sufficient significant change in circumstances to justify modification or vacation of the injunction. There is nothing to prevent Defendants Newman and White from changing their opinion about what constitutes an efficient and productive use of their energies, and they may well return to their original belief that civil disobedience is the most effective strategy.

3. Defendants Newman and White have made no argument that the existing injunction is either onerous, burdensome, or unworkable. Indeed, given their representations that they have been in fully compliance, it is obvious that it has not been unduly onerous, burdensome, or unworkable.

4. The record in this case, which has already been evaluated by the Court of Appeals, 247 F.3d at 279, clearly establishes that Defendants Newman and White are reasonably likely to violate FACE in the absence of an injunctive ruling. Both have a long history, as outlined in this Court's opinion at 180 F. Supp.2d at 197, and

in the Government's Opposition to the present Motion, of violating FACE, of violating other injunctions prior to passage of FACE, and of violating provisions of both civil and criminal law.

For the foregoing reasons, the Court concludes, in the exercise of its discretion, that Defendants Newman and White have not demonstrated a significant change in circumstances which would justify relieving them from the final judgment entered in this case or which would justify modification of that judgment.

Date: Oct. 22, 2003

Gladys Kessler
United States District Judge